**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

September 9, 2011

William J. Nicoll, Esq.
Jenkins Block & Assocs., PC
1040 Park Avenue, Ste. 206
Baltimore, MD   21201

Alex Gordon, AUSA
36 S. Charles Street
4th Floor
Baltimore, MD   21201

**Re: Angela Jones v. Michael J. Astrue, Commissioner of Social Security, PWG-10-884**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Angela Jones' claim for Disability Insurance Benefits ("DIB"). (ECF Nos. 12,15,18).  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary.  Local Rule 105.6.  For the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Angela Jones (sometimes referred to as "Ms. Jones" or "Claimant"), applied for DIB on January 14, 2008, alleging that she has been disabled since October 12, 2005, due to chronic fatigue, degenerative disc disease, anxiety, and depression. (Tr. 124).  Her claim was denied initially and upon reconsideration. (Tr. 86-95).  After a hearing before an Administrative Law Judge ("ALJ"), the Honorable Barbara Powell, on July 22, 2009[1], the ALJ denied her claim in a decision dated

---

[1] This was the second of two administrative hearings in this

September 18, 2009. (Tr. 13-24).  The ALJ found that Claimant met the insured status requirements through her date last insured ("DLI") December 31, 2006 and that she had not engaged in any substantial gainful activity ("SGA") since her alleged onset date of October 12, 2005. (Tr. 15).  The ALJ then found although Claimant's lumbar degenerative disc disease anxiety and depression were "severe" impairments, they did not meet or medically equal any of the listed impairments in the Regulations.  The ALJ also found that Claimant retained the residual functional capacity ("RFC") to perform a limited range of light work[2]. (Tr. 16).  Based on her RFC, and after receiving testimony from a vocational expert ("VE"), the ALJ determined that Claimant was able to perform her past relevant work ("PRW") as a food service worker.  (Tr. 326-327).  Accordingly, the ALJ found that she was not disabled. (Tr. 21). On March 25, 2009, the Appeals Council denied her request for review, making her case ready for judicial review. (Tr. 4-7).

The Claimant presents several arguments in support of her contention that the Commissioner's final decision is not supported by substantial evidence. First, she argues that the ALJ was required, but failed, to explain "the seriousness of the date last insured issue" to Claimant who was not represented by counsel at the administrative hearing. *See* Plaintiff's Mem. pp. 11-17.

In order to obtain disability benefits, a claimant must demonstrate that he or she was disabled prior to his or her last insured date. The claimant must prove that she was either permanently disabled or subject to a condition which became so severe as to disable her prior to the date upon which her disability insured status expired which, in this case, is December 31, 2006.  After careful review of the record, I find the ALJ adequately explained the issue of DLI to Claimant.  At the hearing the ALJ stated:

> ALJ: [F]or every quarter that you worked you are accredited with a quarter of social security credits

---

case. The first hearing took place on July 1, 2009. (Tr. 44-85)
[2]The ALJ found Claimant's ability to perform light work was limited by the following: she could perform no crouching, crawling, squatting, nor climbing of ladders or scaffolds. She was to avoid exposure to hazardous situations that might cause harm to self or others such as work at unprotected heights or work with dangerous machinery. She was to avoid concentrated exposure to extreme heat, extreme cold or vibration. (Tr. 18).

2

>towards retirement disability. For retirement you need 40 quarters. For disability you need 20 quarters. In other words, five years of work more or less not absolutely consecutive work but within a range of time, and I don't know what it is.  That gets into the regulations and I don't deal regularly deal with that part. But you need 20 quarters of credits, of work credits, full or part time of working towards disability.  And after you stop working, you have five years more or less within the date when you stopped working that insurance period is for**. …But it's more or less within five years of the last date that you worked for any appreciable length of time, and in your case, the date you were last insured was December 31 of'06. So we're going to be looking to see if there's evidence of disability within the period up to and including December 31 of '06  So that's your [INAUDIBLE] agreeable to you case, but that's going to be your critical evidence."** (Tr. 45-46)(emphasis added).

Contrary to Claimant's argument, I find the ALJ more than adequately explained the issue of Date Last Insured ("DLI"). The ALJ also asked Ms. Jones during the hearing whether she thought that the file contained "all the medical evidence back around '06", to which Claimant responded "yes". (Tr. 78).

Second, Claimant's counsel alleges that Ms. Jones was "denied a full and fair hearing" and was "prejudiced" by the ALJ's failure to stress the right to representation, and because the ALJ conducted the second hearing with a vocational expert ("VE") that was not present at the first hearing. *See* Plaintiff's Memo., pp. 11-14.  Claimant cites no authority in support of her contention that "the vocational testimony should have been taken at the first hearing". I find the Claimant's argument without merit.  As noted in the Commissioner's Memorandum, Claimant was adequately apprised of her right to counsel and the ALJ noted on the record that she had signed a waiver. (Tr. 45).  Furthermore, the ALJ clearly explained to Ms. Jones at the first hearing that there could be a need for a second hearing based on the evidence she received. At the second hearing, the ALJ again explained why the additional hearing was taking place. (Tr. 27).  The ALJ also explained at both hearings that she had insured status until December 31, 2006. (Tr. 27, 46).

In sum, I do not find that Claimant's allegations of error

3

are substantiated. Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment and DENIES Claimant's Motion.  A separate Order shall issue.

                              Sincerely,

                                  /s/
                              Paul W. Grimm
                              United States Magistrate Judge